# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Eric Flores, | ) |
|       Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| United States Attorney General, Federal Bureau of Investigation, | ) |
|       Respondents. | ) Case No. 1:15-cv-145 |

The petitioner, Eric Flores ("Flores"), initiated the above entitled action *pro se* on October 16, 2015, with the submission of, amongst other things, an application to proceed *in forma pauperis* and a sixty-four page document captioned "Petition to Challenge the Constitutionality of the First Amendment."[1]

Flores asserts in his petition that unnamed federal agents have been using advanced satellite technology to exercise control over various members of his family. Specifically, he asserts that federal agents are using mind control to compel various members of his family to engage in adulterous behavior violation of their First Amendment right to the free exercise of their religious beliefs.[2]

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting

---

[1] This is the second time that petitioner has sought to initiate this action in this district. See Flores v. United States Attorney General, et. al., No. 1:15-cv-039 (D.N.D. 2015). He has also attempted on two occasions to initiate actions in this district against unnamed federal employees for what he asserted was their malicious use of satellite transmissions from outer space against Mexican-Americans. See Flores v. United States Attorney General, et. al., No. 1:13-cv-039 (D.N.D. 2013); Flores v. United States Attorney General, et. al., No. 2:14-cv-015 (D.N.D. 2014).

[2] Courts in other districts have dismissed substantially similar, if not identical, petitions filed by Flores pursuant to § 1915(e)(2). See Flores v. U.S. Att'y Gen., No. 1:14cv19, 2014 WL 7408365, at *1 (N.D.W.Va. Dec. 30, 2014).

1

a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may deny an application if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Mallard v. U.S. Dist. Ct. S.D. Iowa, 490 U.S. 296, 307–308 (1989) ("Section 1915(d) [now § 1915e(2)(B)(I) ], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The allegations Flores sets forth in his rambling and incoherent petition are so implausible as to render his petition frivolous. Consequently, the undersigned **RECOMMENDS** that his application to proceed *in forma pauperis* (Docket No. 1) be **DENIED** and the above-entitled action be **DISMISSED** with prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

**IT IS SO ORDERED.**

Dated this 20th day of October, 2015.

                                                     */s/ Charles S. Miller, Jr.*
                                                     Charles S. Miller, Jr., Magistrate Judge
                                                     United States District Court